IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**PATTERSON UTI DRILLING CO., LLC,**
**Employer Below, Petitioner**

**FILED**
**June 15, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 23-ICA-44**          (JCN: 2019019301)

**JOHNNY O. JONES,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Patterson UTI Drilling Co., LLC[1] ("Patterson") appeals the January 5, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent Johnny O. Jones filed a timely response.[2] Patterson did not file a reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order granting Mr. Jones a 15% permanent partial disability ("PPD") award and instead granting him a 34% PPD award.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On March 6, 2019, Mr. Jones, a Patterson floor hand, was injured when he was working on an oil rig and his harness broke. He fell approximately twelve feet, hit his face and head on an oil drum at the base of the rig, and sustained severe injuries. He was taken to Ruby Memorial Hospital in Morgantown, West Virginia, where he was admitted and treated for multiple skull and facial fractures, brain hemorrhages, traumatic brain injury,

---

[1] For reasons not readily apparent in the appendix record, the Petitioner has substituted "Patterson-UTI Energy, Inc." for the employer that was identified below as "Patterson UTI Drilling Co., LLC." Consistent with the action of the Supreme Court of Appeals of West Virginia in *Delbert v. Murray American Energy, Inc.*, W. Va., n.1, 880 S.E.2d 89, 91 n.1 (2022), we use the name of the employer as designated in the order on appeal: Patterson UTI Drilling Co., LLC.

[2] Petitioner is represented by Jeffrey B. Brannon, Esq. Respondent is represented by Reginald D. Henry, Esq., and Lori J. Withrow, Esq.

hematomas, and soft tissue injuries. He was discharged on March 19, 2019, and was transferred to a rehabilitation facility in Charleston, West Virginia, for physical therapy and speech therapy.

The claim administrator issued an order dated April 2, 2019, holding the claim compensable for unspecified intracranial injury with loss of consciousness of unspecified duration and unspecified fracture of facial bones. By subsequent order dated October 25, 2019, the diagnoses of cervical sprain, sprain of the right knee, and sprain of the left shoulder were added as compensable diagnoses.

On September 23, 2020, ChuanFang Jin, M.D., performed an independent medical evaluation ("IME") to assess Mr. Jones' permanent disability rating. She found that Mr. Jones had reached maximum medical improvement for his head injury, facial fractures, cervical sprain, and right knee sprain. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("*Guides*"), she found 14% whole person impairment ("WPI") from the head injury and 1% WPI for the facial fractures, for a total 15% WPI rating for his March 6, 2019, injury. On that basis, the claim administrator issued a 15% PPD award to Mr. Jones on January 6, 2021. Mr. Jones protested.

On July 28, 2021, Bruce A. Guberman, M.D., performed an IME on Mr. Jones. Using the *Guides*, he found 3% WPI for headaches, 1% for facial disfigurement, 7% for dysesthesia and sensory loss on the left side of the face in the distribution of the trigeminal nerve, and 14% for mental status impairment. For the cervical spine, Dr. Guberman placed Mr. Jones in Category II-B of Table 75 for 4% WPI and 7% WPI for range of motion abnormalities, which combined for an 11% WPI from the Range of Motion model, which was adjusted to 8% WPI from Table §85-20-E, Cervical Spine Category II. He found 0% WPI for the right knee and 6% for the left shoulder. Combining all figures, he found an additional 19% impairment over the 15% Mr. Jones had previously received, or a total of 34% WPI.

On November 4, 2021, Robert B. Walker, M.D., performed an IME on Mr. Jones. Using the *Guides*, he found 9.5 or 10% WPI for range of motion abnormalities of the cervical spine. He combined the 10% with 4% WPI from Table 75, for a 14% WPI from the Range of Motion Model. This was adjusted to 8% WPI from Cervical Category II pursuant to Rule 20. Dr. Walker found 0% impairment for the right knee. He found 7% WPI for the trigeminal nerve component of the facial injury, 2% for unilateral facial paralysis, and 14% for the central nervous system component of the head injury. Dr. Walker combined these values for a total of 30% WPI for the March 6, 2019, injury.

On May 24, 2022, David L. Soulsby, M.D., performed another IME. Using the *Guides*, he found 0% impairment for headaches, 1% for facial fractures, 1% for the trigeminal nerve injury, and 14% for memory loss. Regarding the cervical spine, he found

16% WPI under the Range of Motion Model, which he adjusted to 8% from Cervical Category II under Table § 85-20-E. Dr. Soulsby apportioned 4% of the cervical spine impairment to preexisting degenerative disc disease that he observed was noted on a June 29, 2019, cervical MRI. He found 3% WPI for the left shoulder injury and 0% for the right knee. Combining all values, he found a total of 21% WPI, or an additional 6% over the 15% award previously received. Dr. Soulsby found fault in the reports of Drs. Guberman and Walker for failing to apportion and for overinflating ratings in areas like headaches and trigeminal numbness.

On August 23, 2022, Jennifer Lultschik, M.D., performed another IME. Using the *Guides*, she found 14% WPI resulting from intracranial damage, 1% for loss of sensation in the maxillary branch of the left trigeminal nerve, 0% for headaches, and 0% for mild asymmetry of the nasolabial folds. She found 1% impairment for range of motion abnormalities in the cervical spine and adjusted it to 0% from Cervical Category I under Table § 85-20-E. She found 4% impairment for the left shoulder, but because she also found 4% of the uninjured right shoulder, she determined that Mr. Jones had 0% WPI of the left shoulder due to the compensable injury. She also found 0% for the right knee. Combining all values, Dr. Lultschik found 15% WPI for the injuries sustained on March 6, 2019. She indicated she disagreed with the findings of Drs. Guberman and Walker, stating that inappropriate Tables and measures of impairment were used and that there was a failure to apportion preexisting impairment. She further believed the measurements she obtained during her evaluation were a more accurate representation of Mr. Jones' function.

Both Patterson and Mr. Jones submitted closing arguments[3] to the Board and all five IME reports were considered. The Board noted that evidence of PPD "in the form of testimony and reports by physicians and other experts may be submitted. The fact that a particular expert may find a certain percentage of permanent partial disability does not mean the Board of Review is required to accept it." The Board observed that Dr. Jin and Dr. Walker both failed to evaluate Mr. Jones' compensable left shoulder and that their reports were therefore unreliable. The Board found that Dr. Soulsby's rating was unreliable because he apportioned half of Mr. Jones' 8% cervical impairment solely on the basis of an MRI performed after the compensable injury with no other corroborating evidence to establish a preexisting impairment, in contravention of this Court's guidance in *Duff v. Kanawha County Commission*, 247 W. Va. 550, 882 S.E.2d 916 (Ct. App. 2022). Next, the Board found Dr. Lultschik's report to be unreliable because she was the only evaluator who did not find impairment for Mr. Jones' compensable facial fractures. The Board concluded that Dr. Guberman included a rating for all of Mr. Jones' compensable components and his report was a reliable indicator of Mr. Jones' permanent impairment from his occupational injury. Therefore, the Board concluded that Mr. Jones has a 34% WPI from his March 6,

---

[3] Unfortunately, the Board's order does not provide any information about what the parties argued in their closing arguments.

2019, injury, and so ordered on January 5, 2023. It is from this order that Patterson now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W.Va. at __, 882 S.E.2d at 921 (Ct. App. 2022).

On appeal, Patterson argues that the Board erred in finding that Dr. Guberman's report was the sole reliable report because it did not demonstrate why the reports of Drs. Jin, Soulsby, and Lultschik were unreliable. Furthermore, Patterson argues that the Board should not have dismissed the criticisms of Dr. Guberman's findings lodged by Dr. Soulsby and Dr. Lultschik. However, we find no support for these arguments in the record. The Board's order clearly states its rationale for finding the reports of Drs. Jin, Soulsby, Lultschik, and Walker unreliable. The Board noted that it weighed all reliable, probative, and substantial evidence in determining Mr. Jones' PPD award but that in doing so, it was not required to accept the opinion of any particular expert. This would include the opinions of any experts whom it deemed to have authored unreliable reports. Consequently, we conclude that the Board was not clearly wrong in finding that Dr. Guberman's report was the sole reliable indicator of the claimant's permanent impairment from his occupational injury, or in disregarding the unreliable opinions of Dr. Soulsby and Dr. Lultschik concerning Dr. Guberman's methodology.

Finding no error in the Board's January 5, 2023, order, we affirm.

Affirmed.

**ISSUED:** June 15, 2023

4

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen